UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| K.W., a minor, by and through her guardian and next friend, KIMBERLY LANE, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:22-cv-00343-SRC |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ) ) ) ) | |
| Defendant. ) | |

## **Memorandum and Order**

K.W., a minor, sued State Farm in state court to collect insurance benefits for injuries she suffered when someone drove a vehicle into the restaurant where K.W. was eating. Doc. 1-4 at ¶ 3. State Farm removed the case on the basis of diversity. Doc. 1. After the Court questioned State Farm's allegations regarding the amount in controversy and ordered supplemental briefing, Doc. 9, K.W. represented to the Court that she will not recover more than $75,000, exclusive of interest and costs. Doc. 13-1.

A defendant may remove to federal court any state-court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. *Id.*; 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

The parties urge the Court to remand the case on the basis of their joint stipulation that K.W.'s damages do not exceed $75,000 exclusive of interest and costs. Docs. 13, 13-1, 14. In light of the parties' stipulation, the Court must examine whether under state practice K.W. may recover more than $75,000. *See* 28 U.S.C. § 1446(c)(2)(A)(ii) (focusing on whether "State practice" permits recovery of damages in excess of the amount demanded).

Under Missouri law, K.W.'s signed stipulation that she will not seek more than $75,000 constitutes a binding judicial admission. A judicial admission is "an act done in the course of judicial proceedings that concedes for the purpose of litigation that a certain proposition is true." *Lindsey v. Nationwide Ins. Co.*, No. 21-CV-01054-SRC, at 5 (E.D. Mo. Oct. 27, 2021) (citing *Moore Auto. Grp., Inc. v. Goffstein*, 301 S.W.3d 49, 54 (Mo. 2009)); *Cane Creek Quarry, LLC v. Equip. Transp., Inc.*, No. 20-CV-00268-SRC, 2021 WL 765287, at *4 (E.D. Mo. Feb. 26, 2021) (citation omitted). In Missouri, when a party makes factual allegations against her own interests, those admissions bind her in that action. *Lindsey*, No. 21-CV-01054-SRC, at 5 (citing *Sebree v. Rosen*, 393 S.W.2d 590, 602 (Mo. 1965) ("Judicial admissions against interest are conclusive against the party making them in the absence of contradictory evidence."); *Wehrli v. Wabash R. Co.*, 315 S.W.2d 765, 774 (Mo. 1958) ("[A]dmissions made during the progress of trial by a party's attorney for the purpose of being used as a substitute for evidence produced in the usual way are judicial admissions and, as such, are conclusive upon the party making them.")); *Cane Creek Quarry, LLC*, 2021 WL 765287, at *4 (citations omitted).

The Court also notes that K.W.'s post-removal stipulation clarifies, rather than amends, her state court petition. *Lindsey*, No. 21-CV-01054-SRC, at 6; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust

jurisdiction."). K.W.'s petition "does not expressly state a claim in excess of the jurisdictional amount." *See Lindsey*, No. 21-CV-01054-SRC, at 6 (citing *Ingram v. Procter & Gamble Paper Prods. Co.*, No. 11-cv-00549, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011)). The post-removal stipulation changes nothing about K.W.'s allegations and instead crystalizes the amount in controversy. *See id.*

K.W. declared that she seeks damages not greater than $75,000, "exclusive of interest and costs." Doc. 13-1. The Court finds that K.W.'s statements constitute binding judicial admissions that, under Missouri state practice, make it a legal impossibility for her to recover more than $75,000 in state court, *see* 28 U.S.C. § 1446(c)(2)(A)(ii), and thus prevent a fact finder from legally concluding that the damages sought are greater than the requisite jurisdictional amount. *See Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) ("[T]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . ." (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002))); *Lindsey*, No. 21-CV-01054-SRC, at 6; *Cane Creek Quarry, LLC*, 2021 WL 765287, at *5.

Accordingly, the Court concludes that it does not have subject matter jurisdiction and remands this case to the Circuit Court of St. Louis County. The Court denies K.W.'s [13] Motion to Remand as moot. Pursuant to 28 U.S.C. § 1447(c), the Court directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court.

Dated this 7th day of April 2022.

                                         *SL R. CR*
                                     STEPHEN R. CLARK
                                     UNITED STATES DISTRICT JUDGE